UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 17-20277

v.                                      Honorable Thomas L. Ludington

AARON SCOTT HENDRICKSON,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**

On August 1, 2017, Defendant Aaron Scott Hendrickson pled guilty to one count of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117. ECF No. 12. He was sentenced to 51 months incarceration. ECF No. 19. On August 24, 2020, Defendant sent a letter asking that the Court consider him for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 21. Due to mailing delays, Defendant's letter was not docketed until September 9, 2020. Defendant's letter is construed as a motion for compassionate release. His motion will be denied without prejudice.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as compassionate release). The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. §3582(c)(1)(A)(i). As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). Defendant states that he "put in the necessary paperwork" at his facility "approximately 45 days ago and [has] received no response." ECF No. 21 at PageID.102. Ordinarily, this would mean that Defendant has exhausted his remedies because at least 30 days has elapsed. However, Defendant provides no proof that he requested relief. As a result, Defendant's motion will be denied without prejudice. Defendant may refile his motion for compassionate release, but he must include evidence that he requested compassionate release from the BOP, such as a copy of the paperwork submitted.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 21, is **DENIED WITHOUT PREJUDICE**.

Dated: October 22, 2020                                             s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to Aaron Hendrickson #46367-039, USP Lee, U.S. PENITENTIARY, P.O. BOX 305, JONESVILLE, VA  24263 by first class U.S. mail on October 22, 2020.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager